# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| Julie Karpik, Michelle Lewis, Deborah Mondell, Robert Owen, Linda Humenik, Diane George, and Theodore George, individually and as representatives of a class of similarly situated persons, and on behalf of the Huntington Investment and Tax Savings Plan,<br><br>                   Plaintiffs,<br><br>        vs.<br><br>Huntington Bancshares Incorporated, Huntington Bancshares Incorporated Board of Directors, and Huntington Bancshares Incorporated Investment and Administrative Committee,<br><br>                 Defendants. | Case No. 2:17-cv-1153<br><br>Judge Michael H. Watson<br><br>Magistrate Judge Kimberley A. Jolson |

**<u>CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE</u>**

# TABLE OF CONTENTS

**Page**

I.     DEFINITIONS .................................................................................................... 1

II.    CONDITIONS TO FINALITY OF THE SETTLEMENT ................................. 8

III.   PAYMENTS TO THE SETTLEMENT CLASS. ........................................... 12

IV.    SETTLEMENT ADMINISTRATION ............................................................ 17

V.     RELEASES, COVENANTS, AND JUDICIAL FINDINGS .......................... 18

VI.    REPRESENTATIONS AND WARRANTIES ................................................ 19

VII.   OTHER MONETARY PAYMENTS .............................................................. 20

VIII.  CONTINGENCIES, EFFECT OF DISAPPROVAL OR TERMINATION OF
       SETTLEMENT ............................................................................................... 22

IX.    NO ADMISSION OF WRONGDOING ......................................................... 23

X.     MISCELLANEOUS ....................................................................................... 24

This Settlement Agreement and Release ("Agreement") is entered into on August 7, 2020, by and among plaintiffs Julie Karpik, Michelle Lewis, Deborah Mondell, Robert Owen, Linda Humenik, Diane George and Theodore George, on their own and on behalf of the Settlement Class (as defined below) and the Plan (as defined below), on the one hand, and the Defendants (as defined below) on the other, in consideration of the promises and agreements herein described and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate.

## I.    DEFINITIONS.

1.1    "401(k) Plan" refers to the Huntington 401(k) Plan, formerly known as the Huntington Investment and Tax Savings Plan.

1.2    "Action" shall mean the case captioned *Julie Karpik, et al. v. Huntington Bancshares Incorporated, Huntington Bancshares Incorporated Board of Directors, and Huntington Bancshares Incorporated Investment and Administrative Committee*, No. 2:17-cv-1153, pending in the U.S. District Court for the Southern District of Ohio.

1.3    "Administrative Costs" shall mean (i) the costs and expenses associated with the production and dissemination of the Notice (as defined in Section 1.26); (ii) all reasonable costs incurred by the Settlement Administrator (as defined in Section 1.36) in administering and effectuating this Settlement, which costs and expenses are necessitated by performance and implementation of this Agreement and any Court orders relating thereto; (iii) all reasonable fees charged by the Settlement Administrator; (iv) Independent Fiduciary Fees (as defined in Section 1.25), and (v) any other costs associated with the settlement.

1.4     "Attorneys' Fees and Expenses" shall mean the reasonable attorneys' fees, costs (including expert costs) and expenses of Class Counsel (as defined in Section 1.6 below) for their past, present, and future work, efforts, and expenditures in connection with this Action and resulting Settlement.

1.5     "Claims" shall have the meaning ascribed to it in Section 1.33 below.

1.6     "Class Counsel" shall mean, collectively, Nichols Kaster, PLLP and Barkan Meizlish DeRose Wentz McInerney Peifer LLP.

1.7     "Class Period" shall mean the period between December 29, 2011 through the date the court grants preliminary approval.

1.8     "Class Representative Service Award" shall have the meaning ascribed to it in Section 7.1 below.

1.9     "Court" shall mean the United States District Court for the Southern District of Ohio.

1.10    "Current Participant" shall mean a "Settlement Class Member" (as defined below) who, as of the time of the entry of the Preliminary Approval Order, has an account balance in the Plan with a positive balance.

1.11    "Defendant Released Parties" shall mean Huntington Bancshares Incorporated, the Huntington Bancshares Incorporated Board of Directors, and Huntington Bancshares Incorporated Investment and Administrative Committee, and all of their respective members, officers, directors, employees (including any of the foregoing who have acted as a fiduciary or provided services to the Plan during the Class Period (as defined in Section 1.7 above)), trustees, and affiliates.

1.12    "Defendants" shall mean Huntington Bancshares Incorporated, the Huntington

Bancshares Incorporated Board of Directors, Huntington Bancshares Incorporated Investment and Administrative Committee and all of their respective past and present members, employees, officers, directors, trustees, and affiliates.

1.13 "Defendants' Counsel" shall mean Sidley Austin LLP and Porter Wright Morris & Arthur LLP.

1.14 "Distributable Settlement Amount" shall have the meaning ascribed to it in Section 3.2(a) below.

1.15 "Effective Date" shall mean (a) the date upon which the applicable period to appeal the Final Approval Order has expired, if no appeal on any issue is taken during such period; or (b) if, during the aforesaid appeals period, an appeal is taken in this case, the date upon which all appeals, including petitions for review, rehearing, or certiorari, and any proceedings resulting therefrom, have been finally disposed of, or the date of the expiration of the time to initiate such petitions or proceedings. The Parties shall agree by written communication when the Effective Date has occurred; any dispute shall be resolved by the Court. It is expressly agreed by the Parties and their counsel that no Party intends that this provision nor any other part of this Agreement establishes or acknowledges that anyone is entitled to or has the right to appeal from any such orders which may be entered in connection herewith.

1.16 "Escrow Account" shall mean an account at an established financial institution, selected by Class Counsel with Defendants' consent (which consent shall not be unreasonably withheld) that is established for the deposit of certain amounts relating to the Settlement.

1.17 "Escrow Agent" shall mean Alerus Financial, or whatever other person or entity is selected by Class Counsel with Defendants' consent (which consent shall not be unreasonably withheld) to act as escrow agent for any portion of the Settlement Amount (as defined in 3.1(a)

below) deposited in or accruing in the Escrow Account pursuant to this Agreement.

1.18 "Fee and Expense Application" shall mean the motion, to be filed by Class Counsel, seeking approval of an award of Attorneys' Fees and Expenses.

1.19 "Final Approval" shall mean the entry of the Final Approval Order.

1.20 "Final Approval Hearing" shall mean the hearing to be held before the Court pursuant to Federal Rule of Civil Procedure 23(e) to determine whether the Agreement should receive Final Approval (as defined in Section 1.19) by the Court. The Parties will request that the Final Approval Hearing be scheduled for a date no earlier than 112 days after the entry of the Preliminary Approval Order (as defined in Section 1.32).

1.21 "Final Approval Order" shall mean a final order entered by the Court after the Final Approval Hearing, substantially the same in all material respects to the order attached hereto as Exhibit A, granting its approval of the Settlement. The Parties may agree to additions or modifications to the form of the Final Approval Order as they agree are appropriate at the time that it is submitted to the Court for final approval of the Settlement.

1.22 "Former Participant" shall mean a "Settlement Class Member" (as defined below) who, as of the time of the entry of the Preliminary Approval Order, no longer has a positive account balance in the Plan.

1.23 "Huntington Releasees" shall mean, collectively, the Defendant Released Parties (as defined in 1.11 above) and Other Released Parties (as defined in 1.27 below).

1.24 "Independent Fiduciary" shall mean Fiduciary Counselors, Inc. or such other qualified and experienced independent fiduciary that Huntington selects to independently review the Settlement (as provided in Section 2.6) on behalf of the Plan.

1.25 "Independent Fiduciary Fees" shall mean the fees and expenses of the

Independent Fiduciary. All Independent Fiduciary Fees shall be considered Administrative Costs and shall be payable from the Settlement Amount after such funds are deposited with the Escrow Agent and upon receipt of any invoice from the Independent Fiduciary.

1.26    "Notice" shall mean the notice, identical in all material respects to that attached hereto as Exhibit B, to be delivered to Settlement Class Members (as defined in Section 1.39) pursuant to Section 2.7 and made available on the Settlement Website (as defined in Section 1.41).

1.27    "Other Released Parties" shall mean Huntington's insurers and all third parties that provided services to the Plan during the Class Period.

1.28    "Parties" shall mean Plaintiffs, the Settlement Class, and the Defendants.

1.29    "Plaintiffs" shall mean, collectively, Julie Karpik, Michelle Lewis, Deborah Mondell, Robert Owen, Linda Humenik, Diane George and Theodore George.

1.30    "Plan" shall mean the Huntington 401(k) Plan, formerly known as the Huntington Investment and Tax Savings Plan.

1.31    "Plan of Allocation" shall mean the formula for allocation of the Distributable Settlement Amount as approved by the Court, which formula shall govern the distribution of the Distributable Settlement Amount, in the form attached hereto as Exhibit C. Notwithstanding any other provision of this Agreement, any revisions by the Court or any appellate court or otherwise relating solely to the Plan of Allocation shall not operate to terminate or cancel or otherwise affect this Agreement; provided that any such revisions do not require Defendants, Defendants' insurers, or the Plan's current or former service providers to incur additional expenses and costs to provide data not already readily available.

1.32    "Preliminary Approval Order" shall mean an order entered by the Court

preliminarily approving the Settlement, that is substantially the same in all material respects to that attached hereto as Exhibit D.

1.33 "Released Claims" shall mean any and all claims, debts, demands, rights or causes of action, suits, matters, and issues or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class, derivative, or individual in nature (collectively, "Claims"), including both known Claims and Unknown Claims, against any of the Huntington Releasees and Defendants' Counsel that have been asserted in this litigation or which could have been asserted based on the same factual predicate as those Claims, including those that in any way arise out of, relate to, are based on, or have any connection with the Plan's management and administration, including, but not limited to any fees, expenses, investment option performance, monitoring of investment options, revenue sharing, recordkeeping fees, administrative fees, total plan costs, the use of money market funds as investment options, share class of the investment options, or any other aspect of Plan administration or management, or (iii) would have been barred by res judicata had the Action been fully litigated to a final judgment.

1.34 "Rollover Form" shall mean the form, identical in all material respects to that attached hereto as Exhibit E, to be delivered to Former Participants with the Notice.

1.35 "Settlement" shall mean the compromise and Settlement embodied in this Agreement.

1.36 "Settlement Administrator" shall mean Analytics Consulting LLC.

1.37   "Settlement Amount" shall mean ten million and five hundred thousand dollars ($10,500,000).

1.38   The "Settlement Class" shall include: All participants and beneficiaries of the Huntington 401(k) Plan, formerly known as the Huntington Investment and Tax Savings Plan, from December 29, 2011 through the date of preliminary approval, excluding the Defendants or any Plan participant who is or was a fiduciary to the Plan during the Class Period.

1.39   "Settlement Class Member" shall mean a member of the Settlement Class.

1.40   "Settlement Fund" shall have the meaning set forth in Section 3.1(h).

1.41   "Settlement Website" shall have the meaning ascribed to it in Section 2.9.

1.42   "Taxes" shall have the meaning ascribed to it in Section 3.1(i).

1.43   "Tax-Related Costs" shall have the meaning ascribed to it in Section 3.1(i).

1.44   "Unknown Claims" shall mean any Released Claims which Plaintiffs, any Member of the Settlement Class and/or any of the other Parties do not know or suspect to exist in their favor at the time of the release of the Huntington Releasees. Without admitting that California law in any way applies to this Agreement, with respect to any and all Released Claims, the Parties agree that, upon the Effective Date, Plaintiffs, each Settlement Class Member and all other Parties shall be deemed to have, and by operation of the Final Approval Order shall have, expressly waived the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH, IF KNOWN BY HIM OR HER, MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs, each Settlement Class Member and all other Parties shall be deemed to have, and by operation of the Final Approval Order shall have, expressly waived all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. Plaintiffs, any Settlement Class Member, and any of the other Parties may later discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs, any Settlement Class Member and all of the other Parties, upon the Effective Date, shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs, any Settlement Class Member, and all of the other Parties shall be deemed by operation of the Final Approval Order to have acknowledged that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## II.    PROCEDURES IN CONNECTION WITH THE SETTLEMENT.

The procedures set forth in Sections 2.1 through 2.12 shall apply in connection with this Settlement.

2.1    ***Motion for Preliminary Approval and Certification of Settlement Class***. As soon as is practicable after execution of this Agreement, Plaintiffs shall file a motion with the Court (to which Defendants will not object) seeking (i) preliminary approval of the Settlement, including entry of an order identical in all material respects to the form of the Preliminary

Approval Order, and (ii) for purposes of this Settlement only, conditional certification of the Settlement Class.

2.2     ***Basis for Certification of Settlement Class***. Plaintiffs will seek certification of the Settlement Class under Rule 23(b)(1).

2.3     ***Certification for Settlement Purposes Only***. Defendants shall not take any position with respect to certification of the Settlement Class only for the limited purpose of effectuating this Agreement. The certification of the Settlement Class shall be binding only with respect to the Settlement of the Action. If this Agreement is terminated, or is reversed, vacated, or modified in any material respect by the Court or any other court, the certification of the Settlement Class shall be vacated, the Action shall proceed as though the Settlement Class had never been certified, and no reference to the prior Settlement Class or any documents related thereto shall be made for any purpose. Defendants reserve all rights to object to the propriety of class certification in the Action in all other contexts and for all other purposes.

2.4     ***Fairness Hearing.*** On or after the date set by the Court for the final hearing pursuant to Federal Rule of Civil Procedure 23(e)(2) (the "Fairness Hearing"), the Court will determine (i) whether to enter a judgment finally approving the Settlement; and (ii) what, if any, legal fees, compensation, and expenses should be awarded to Class Counsel and to Plaintiffs as contemplated by Sections 7.1–7.2 of this Agreement.

2.5     ***Motion for Final Approval of Settlement.*** No later than fourteen (14) calendar days before the Fairness Hearing, Class Counsel shall submit to the Court a motion for entry of the Final Approval Order (Exhibit A) in the form approved by Class Counsel and Defendants, which shall request approval by the Court of the terms of this Agreement and entry of the Final Approval Order in accordance with this Agreement.

2.6     ***Settlement Authorized by Independent Fiduciary.***

(a)     Fiduciary Counselors, Inc. will serve as the Independent Fiduciary for the Plan to provide the authorization required by Prohibited Transaction Exception 2003-39, 68 FR 75632 (Dec. 31, 2003), as amended 75 FR 33830 (June 15, 2010). The Independent Fiduciary Fees shall be paid from the Settlement Amount and shall be considered an Administrative Costs.

(b)     At least thirty (30) days prior to the Fairness Hearing, the Independent Fiduciary shall provide a written determination as to whether, on behalf of the Plan, it approves and authorizes the Settlement and its release of claims, in accordance with Prohibited Transaction Class Exemption 2003-39. If the Independent Fiduciary disapproves or otherwise does not authorize the Settlement or refuses to approve the release on behalf of the Plan, then Huntington shall have the option to terminate the Settlement as provided in Section 8.1(d). The Parties shall comply with reasonable requests made by the Independent Fiduciary.

2.7     ***Class Notice.*** Within thirty (30) days of the entry of the Preliminary Approval Order, the Settlement Administrator shall send the Notice by first-class mail to the Settlement Class Members, which shall be accompanied by a Rollover Form for those Settlement Class Members who are Former Participants. The Notice (and Rollover form, if applicable) will be sent to the last known mailing address of each of the Settlement Class Members, which mailing address will be supplied in a timely fashion by Defendants and/or the Plan's recordkeeper and updated through the National Change of Address database by the Settlement Administrator before mailing (with all returned mail skip-traced if no forwarding information is provided and promptly re-mailed).

2.8     ***Payments to Class Members.*** The Settlement Administrator will make payments from the Distributable Settlement Amount on behalf of each Settlement Class Member. For each

Former Participant, the Settlement Administrator shall make payment in accord with Section 3.2(d) and (e) below. For each Current Participant, the Settlement Administrator shall direct the payment to Fidelity, the recordkeeper for the Plan, and Fidelity will credit the appropriate portion of the Distributable Settlement Fund to the account of each Current Participant pursuant to the Plan of Allocation. Defendants shall request that the Plan's recordkeeper timely respond to all requests from the Settlement Administrator for readily accessible data that are reasonably necessary to implement the Plan of Allocation.

2.9 ***Class Action Fairness Notice***. Defendants shall, within ten (10) days of the filing of the Settlement Agreement, comply with the notice requirements of 28 U.S.C. § 1715, and shall file a notice confirming compliance at any time prior to the Final Approval Hearing.

2.10 ***Settlement Website***. Within ten (10) days of the entry of the Preliminary Approval Order and no later than the first date that the mailing of the Notice occurs, the Settlement Administrator shall establish the Settlement Website, which shall contain the Notice, this Agreement and its exhibits, the Preliminary Approval Order, any other orders related to the Settlement, the Amended Complaint (ECF No. 21), and any other documents or information mutually agreed-upon by the Parties. Class Counsel shall be responsible for causing the Settlement Administrator to post on the Settlement Website the Fee and Expense Application filed by Class Counsel, as soon as possible after its filing. The Notice, attached hereto as Exhibit B, will identify the web address of the Settlement Website.

2.11 ***Settlement Line***. Within ten (10) days of the entry of the Preliminary Approval Order, and no later than the first date of mailing of the Notice, the Settlement Administrator shall establish a toll-free telephone number (the "Settlement Information Line") from which Settlement Class Members can obtain information about the Settlement. The

Settlement Information Line shall employ an interactive voice response system to answer calls, and shall provide callers the option of speaking with a live operator, if necessary.

2.12    ***Rights of Exclusion***. Settlement Class Members shall not be permitted to exclude themselves from the Settlement Class, which shall be certified under Federal Rule of Civil Procedure 23(b)(1).

2.13    ***Right to Object***. Members of the Settlement Class shall be permitted to object to the Settlement. Requirements for filing an objection shall be as set forth in the Preliminary Approval Order and in the Notice.

## III.    PAYMENTS TO THE SETTLEMENT CLASS.

3.1    ***The Settlement Amount.***

(a)    In consideration of all of the promises and agreements set forth in this Agreement, Huntington will cause a monetary payment to be made in the amount of ten million and five hundred thousand dollars ($10,500,000) (the "Settlement Amount") to the Escrow Account. None of the other of the Huntington Releasees shall have any obligation to contribute financially to this Settlement.

(b)    Huntington shall cause one hundred thousand dollars ($100,000) of the Settlement Amount to be deposited by check into the Escrow Account within fifteen (15) days of the entry of the Preliminary Approval Order to fund any Administrative Costs that arise before the Effective Date, including but not limited to the Independent Fiduciary Fees. Huntington shall be entitled to deduct from the $100,000 payment any Administrative Costs that it pays between August 3, 2020, and the date on which the $100,000 payment is due. Huntington shall cause the remaining ten million four hundred thousand dollars ($10,400,000) of the Settlement Amount to be deposited into the Escrow Account within twenty-one (21) days of the Effective Date.

(c)     The Settlement Amount shall be used solely for the purposes set forth in Section (j) below.

(d)     Subject to Court approval and oversight, the Escrow Account will be controlled by the Settlement Administrator and the Escrow Agent. Neither Defendants nor Plaintiffs shall have any liability whatsoever for the acts or omissions of the Settlement Administrator and Escrow Agent. The Settlement Administrator and Escrow Agent shall not disburse the Settlement Amount or any portion thereof except as provided for in this Agreement, by an Order of the Court, or with prior written agreement of Class Counsel and Defendants' Counsel.

(e)     The Settlement Administrator is authorized to execute transactions on behalf of the Settlement Class Members that are consistent with the terms of this Agreement and with Orders of the Court.

(f)     All funds held in the Escrow Account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until the funds are distributed in accordance with this Agreement.

(g)     The Settlement Administrator shall, to the extent necessary and practicable, invest the Settlement Amount in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. Neither the Settlement Amount nor any portion thereof shall be commingled with any other monies in any instruments. Any cash portion of the Settlement Amount not invested in instruments of the type described in the first sentence of this Section shall be maintained by the Settlement Administrator, and not commingled with any other monies, in a bank account that shall promptly be identified to the Parties.

(h)     The Escrow Account is intended to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1 (the "Settlement Fund"). The Settlement Administrator, as administrator of the Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall be solely responsible for filing tax returns for the Escrow Account and paying from the Escrow Account any Taxes owed with respect to the Escrow Account. Huntington agrees to provide the Settlement Administrator with the statement described in Treasury Regulation §1.468B-3(e). Neither Defendants, Defendants' Counsel, Plaintiffs, nor Class Counsel shall have any liability or responsibility of any sort for filing any tax returns or paying any taxes with respect to the Escrow Account.

(i)     All (i) taxes on the income of the Escrow Account ("Taxes") and (ii) expenses and costs incurred in connection with the taxation of the Escrow Account (including, without limitation, expenses of tax attorneys and accountants) ("Tax-Related Costs") shall be timely paid by the Settlement Administrator out of the Escrow Account.

(j)     The Settlement Amount, together with any interest accrued thereon, will be used to pay the following amounts associated with the Settlement:

(1)     Compensation to Settlement Class Members determined in accordance with Section 3.2;

(2)     Any Class Representative Service Award approved by the Court;

(3)     All Attorneys' Fees and Expenses approved by the Court;

(4)     Administrative Costs; and

(5)     Taxes and Tax-Related Costs.

3.2     ***Distribution to Settlement Class Members***.

(a)     The money remaining from the Settlement Amount, including any accrued interest thereon, after the payment of any approved Class Representative Service Awards, approved Attorneys' Fees and Expenses, Administrative Costs, and Taxes and Tax-Related Costs (or any estimate of those amounts to be incurred in the future), shall constitute the funds available for distribution to Settlement Class Members (the "Distributable Settlement Amount").

(b)     The Distributable Settlement Amount shall be divided among Settlement Class Members in accordance with the Plan of Allocation (attached hereto as Exhibit C) or such other allocation plan as may be ordered by the Court. It is understood and agreed by the Parties that the proposed Plan of Allocation is not part of this Agreement and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Agreement or affect the finality of the Court's Final Approval Order approving the Settlement or any other Orders entered pursuant to the Agreement. Notwithstanding the foregoing, or anything else in this Agreement, any revisions to the Plan of Allocation that would require the Huntington Releasees to pay more than the Settlement Amount or incur additional expenses or costs or to provide data not already readily shall be deemed a material alteration of this Agreement and entitle Defendants, at their election, to terminate the Agreement.

(c)     The Settlement Administrator shall disburse the Distributable Settlement Amount as promptly as possible after the Effective Date, and, in any event, shall use reasonable best efforts to disburse the Distributable Settlement Amount no later than one hundred-fifty (150) days after the Effective Date.

(d)     No Former Participant whose entitlement to payment pursuant to the Plan of Allocation would otherwise be less than fifteen dollars ($15) shall receive any payment from the Distributable Settlement Amount.

(e)     Settlement Class Members that are paid by check must cash those checks within one-hundred twenty (120) days of issuance. If they do not do so, the checks will be void. This limitation shall be printed on the face of each check. The voidance of checks shall have no effect on the Settlement Class Members' release of claims, obligations, representations, or warranties as provided herein, which shall remain in full effect.

3.3     Each Settlement Class Member who receives a payment under this Agreement shall be fully and ultimately responsible for payment of any and all federal, state or local taxes resulting from or attributable to the payment received by such person. Each Settlement Class Member shall hold Defendants, Defendants' Counsel, the Huntington Releasees, Plaintiffs, Class Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments or credits under the Agreement, and shall hold Defendants, the Huntington Releasees, Defendants' Counsel, Plaintiffs, Class Counsel, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

3.4     ***Treatment of Undistributed Funds and Uncashed Checks***. Any funds associated with checks that are not cashed within ninety (90) days of issuance, and for which no request for reissuance is made by the Settlement Class Member within ninety (90) days of issuance, and any funds that cannot be distributed to Settlement Class Members for any other reason, together with any interest earned on them, and after the payment of any applicable taxes

by the Escrow Agent, shall be delivered to the Plan and used to defray administrative expenses of the Plan.

3.5     ***Administrative Costs***. Administrative Costs shall be paid from the Settlement Amount, subject to Court approval.   Any Administrative Costs not approved by the Court shall be borne by Class Counsel.

3.6     ***Entire Monetary Obligation***. In no event, and notwithstanding anything else in this Agreement, shall the Defendants or their insurers be required to pay any amounts other than the Settlement Amount. It is understood and agreed that the Defendants' and their insurers' monetary obligations under this Settlement Agreement will be fully discharged by paying the amount specified in Section 3.1(a) above, and that the Defendants and their insurers shall have no other monetary obligations, or obligations to make any other payments under this Agreement or otherwise.

## IV.     SETTLEMENT ADMINISTRATION.

4.1     As soon as practicable, Huntington shall cause the Plan's current and former recordkeepers to provide the Settlement Administrator with the participant data sufficient to effectuate class notice and to calculate each Settlement Class Member's allocable portion of the Distributable Settlement Amount.

4.2     The Settlement Administrator shall administer the Settlement subject to the supervision of Class Counsel, Defendants' Counsel, and the Court as circumstances may require.

4.3     Defendants, Defendants' insurers, and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever, with respect to:

(a)     any act, omission or determination of the Settlement Administrator, Class Counsel, or designees or agents of Class Counsel or the Settlement Administrator;

(b) any act, omission or determination of Class Counsel or their designees or agents in connection with the administration of the Settlement;

(c) the management, investment, or distribution of the Settlement Amount or the Distributable Settlement Amount; or

(d) the determination, administration, calculation, or payment of any claims asserted against the Settlement Amount or the Distributable Settlement Amount.

4.4 The Settlement Administrator shall provide to Class Counsel and Defendants' Counsel, no less than monthly, a full accounting of all expenditures made in connection with the Settlement, including Administrative Costs, and any distributions from the Settlement Amount.

4.5 The Settlement Administrator shall provide such information as may be reasonably requested by the Parties relating to administration of this Agreement.

## V. <u>RELEASES AND ACKNOWLEDGEMENTS.</u>

5.1 *Releases of the Huntington Releasees*. Subject to Section VIII below, upon the Effective Date, Plaintiffs, each Settlement Class Member (on behalf of themselves, their current and former beneficiaries, their representatives and successors-in-interest), and the Plan (by and through the Independent Fiduciary pursuant to Section 2.6), absolutely and unconditionally release and forever discharge the Huntington Releasees from each and every Released Claim that Plaintiffs, the Settlement Class, or the Plan directly, indirectly, derivatively, or in any other capacity ever had, now have or hereafter may have.

5.2 *Taxation of Class Settlement Amount*. Plaintiffs acknowledge that the Huntington Releasees have no responsibility for any taxes due on funds deposited in or distributed from the Settlement Amount or that Plaintiffs or Class Counsel receive from the Settlement Amount.

## VI.    REPRESENTATIONS AND WARRANTIES.

6.1    ***Parties' Representations and Warrants.***    The Parties, and each of them, represent and warrant as follows, and each Party acknowledges that each other Party is relying on these representations and warranties in entering into this Settlement Agreement:

(a)    That they have diligently investigated the claims in this Action; that they are voluntarily entering into this Agreement as a result of arm's-length negotiations among their counsel; that in executing this Agreement they are relying solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently-selected counsel, concerning the nature, extent and duration of their rights and Claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided in this Agreement, they have not been influenced to any extent whatsoever in executing this Agreement by any representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any Party. Each Party assumes the risk of mistake as to facts or law.

(b)    That they have carefully read the contents of this Agreement and this Agreement is signed freely by each person executing the Agreement on behalf of each of the Parties. The Parties, and each of them, further represent and warrant to each other that he, she, or it has made such investigation of the facts pertaining to this Agreement, and all of the matters pertaining thereto, as he, she or it deems necessary.

6.2    ***Signatories' Representations and Warrants.***    Each person executing this Agreement on behalf of any other person does hereby personally represent and warrant that he or she has the authority to execute this Agreement on behalf of, and fully bind, each principal whom such individual represents or purports to represent and that no right or claim compromised pursuant to this Agreement has been assigned or hypothecated to any third party.

## VII.    OTHER MONETARY PAYMENTS.

7.1    *Class Representative Service Award.*

(a)    Plaintiffs intend to seek a Class Representative Service Award not to exceed the amount of $7,500 per named Plaintiff which shall be subject to Court approval (the "Class Representative Service Award"). Defendants shall not oppose any Class Representative Service Awards up to that amount. The Settlement Administrator shall use reasonable best efforts to pay any Class Representative Service Award approved by the Court within seven (7) days of the Effective Date. The Class Representative Service Award shall be paid by the Settlement Administrator solely out of the Settlement Amount and shall be deducted (to the extent approved by the Court) from the Settlement Amount on or after the Effective Date and prior to the distribution to the Settlement Class Members. Plaintiffs shall also be entitled to a distribution under this Settlement pursuant to Section 3.2 as a Settlement Class Member.

(b)    Notwithstanding any other provision of this Agreement to the contrary, the procedure for and the allowance or disallowance (in whole or in part) by the Court of any application for the Class Representative Service Award shall be considered by the Court separately from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any Order or proceedings relating to the Class Representative Service Award, or any appeal of any Order relating thereto, shall not operate to terminate or cancel this Agreement or be deemed material thereto.

(c)    Defendants and their insurers shall have no obligations whatsoever with respect to any Class Representative Service Award to Plaintiffs, which shall be payable solely out of the Settlement Amount.

(d)    Defendants shall not take any position on the propriety of such award, so long as it does not exceed the amount set forth in Section 7.1(a) above.

7.2     ***Attorneys' Fees and Expenses.***

(a)     Class Counsel intends to submit a Fee and Expense Application, seeking an award of attorneys' fees based on the value of the Settlement and the work performed not to exceed one-third of the Settlement Amount, plus reasonable expenses. At the same time, Class Counsel shall seek the Court's approval of all Administrative Costs in connection with the Settlement.

(b)     Defendants shall take no position on the Fee and Expense Application provided the fees requested do not exceed one-third of the Settlement Amount. Any amount awarded by the Court in response to such Fee and Expense Application shall be paid by the Settlement Administrator solely out of the Settlement Amount and shall be deducted (to the extent approved by the Court) from the Settlement Amount. The Settlement Administrator shall use reasonable best efforts to pay any expenses awarded to Class Counsel within seven (7) days of the second deposit described in Section 3.1(b).   Any attorneys' fees awarded to Class Counsel shall be paid at the same time that monies from the Settlement Fund are released for distribution to the Settlement Class.

(c)     Notwithstanding any other provision of this Agreement to the contrary, the procedure for and the allowance or disallowance (in whole or in part) by the Court of the Fee and Expense Application to be paid out of the Settlement Amount shall be considered by the Court separately from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any Order or proceedings relating to the award of Attorneys' Fees, or any appeal of any Order relating thereto, shall not operate to terminate or cancel this Agreement or be deemed material thereto.

(d)     Defendants and their insurers shall have no obligations whatsoever with respect to any attorneys' fees or expenses incurred by Class Counsel, which shall be payable solely out of the Settlement Amount.

## VIII.   CONTINGENCIES, EFFECT OF DISAPPROVAL OR TERMINATION OF SETTLEMENT.

8.1     This Agreement shall terminate and be cancelled if, within ten (10) business days after any of the following events, Defendants or Plaintiffs provide written notification of an election to terminate the Settlement:

(a)     The Court declines to provide preliminary approval of this Agreement, or declines to enter or materially modifies the contents of the Preliminary Approval Order attached hereto as Exhibit D, or the Preliminary Approval Order is vacated, reversed or modified in any material respect on any appeal or other review or in a collateral proceeding occurring prior to the Effective Date; or

(b)     The Court declines to provide final approval of this Agreement, or declines to enter or materially modifies the contents of the Final Approval Order attached hereto as Exhibit A, or the Final Approval Order is vacated, reversed or modified in any material respect on any appeal or other review or in a collateral proceeding occurring prior to the Effective Date; or

(c)     The Court declines to certify the Settlement Class under Federal Rule of Civil Procedure 23(b)(1), or materially modifies the scope of the Settlement Class; or

(d)     The Independent Fiduciary declines to approve and authorize the Settlement and the release of claims as in connection with the review required by Section 2.7 of this Agreement and Prohibited Transaction Class Exemption 2003-39.

8.2     For purposes of this Agreement and Section 8.1, no Order of the Court, or modification or reversal on appeal of any Order of the Court, solely concerning the Plan of

Allocation, the administration of the Settlement or the persons performing such administrative functions, or the amount of any award of Attorneys' Fees and Expenses or Class Representative Service Award, shall constitute grounds for cancellation or termination of the Agreement.

8.3     If for any reason this Agreement is terminated or fails to become effective, then:

(a)     The settling Parties shall be deemed to have reverted to their respective status in the Action as of June 17, 2020, which shall then resume proceedings in the Court, and, except as otherwise expressly provided in this Agreement, the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered.

(b)     Class Counsel and Defendants' Counsel shall, within ten (10) days after the date of termination of the Agreement, jointly notify the Escrow Agent (either directly or through the Settlement Administrator) in writing to return to the Defendants the full amount contained in the Settlement Fund, with all net income earned thereon, after deduction of any amounts earlier disbursed for purposes of administering the Settlement and/or incurred by the Settlement Fund as of the termination, and direct the Escrow Agent to effect such return within fourteen (14) days after such notification. Prior to the return of amounts contemplated by this Section 8.3(b), the Escrow Agent shall fully and finally fulfill and set aside for any and all tax obligations of the Settlement Fund as set forth in Section 3.1(i) and Defendants and their insurers shall have no past, present, or future liability whatsoever for any such tax obligations.

## IX.     NO ADMISSION OF WRONGDOING.

9.1     The Parties understand and agree that this Agreement embodies a compromise settlement of disputed claims, and that nothing in this Agreement, including the furnishing of consideration for this Agreement, shall be deemed to constitute any finding or admission of any wrongdoing or liability by the Defendants, or give rise to any inference of wrongdoing or

liability in the Action or any other proceeding. This Agreement and the consideration provided hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal or factual. Defendants specifically deny any such liability or wrongdoing and state that they are entering into the Agreement solely to eliminate the burden and expense of further litigation. Further, Plaintiffs, while believing that all Claims brought in the Action have merit, have concluded that the terms of this Agreement are fair, reasonable, and adequate to the Plan, themselves, and the Settlement Class Members given, among other things, the inherent risks, difficulties and delays in complex ERISA litigation such as the Action. Neither the fact nor the terms of this Agreement shall be used or offered or received as evidence of liability or damages in any action or proceeding for any purpose, except in an action or proceeding to enforce this Agreement.

## X.      **MISCELLANEOUS.**

10.1      ***No Disparaging Statements***. Plaintiffs and Class Counsel shall make no statements to the press or make any other public statements describing this Settlement that disparage any Huntington Releasee or accuse any Huntington Releasee of wrongdoing. Defendants' counsel shall make no statements to the press or make any other public statements describing this Settlement that disparage any Plaintiffs or Class Counsel or accuse any Plaintiffs or Class Counsel of wrongdoing. Huntington will not issue any official statements disparaging any Plaintiffs or Class Counsel or accusing any Plaintiffs or Class Counsel of wrongdoing. Plaintiffs and Class Counsel agree that they will not make any statement to the press (whether affirmatively or in response to an inquiry) without the consent of Huntington or its counsel.

10.2      ***Adequate Discovery.***      Plaintiffs agree that Defendants have provided sufficient information to allow Plaintiffs and Settlement Class Counsel to evaluate Plaintiffs'

positions and the strength of their claims prior to the mediation in this case and prior to deciding to settle this case.

10.3     *Waiver*.   The provisions of this Agreement may be waived only by an instrument in writing executed by the waiving party. The waiver by any party of any breach of this Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

10.4     *Dispute Resolution.*   If a dispute arises regarding compliance with any of the provisions of an approved and executed Agreement, the dispute will be mediated by Hunter Hughes, or, if unavailable, another neutral party to be agreed upon by the Parties, who will make a non-binding decision regarding the dispute. The cost of any mediation shall be split equally between Plaintiffs and Defendants.

10.5     *Entire Agreement*. This Agreement is the entire agreement among the Parties and it supersedes any prior agreements, written or oral, between the Parties. This Agreement cannot be altered, modified or amended except through a writing executed by all Parties.

10.6     *Construction of Agreement*. This Agreement shall be construed to effectuate the intent of the Parties to resolve all disputes encompassed by the Agreement. All Parties have participated in the drafting of this Agreement, and any ambiguity shall not be resolved by virtue of a presumption in favor of any Party. The Agreement was reached at arm's-length by the Parties represented by counsel. None of the Parties shall be considered to be the drafter of this Agreement or any provision hereof for the purposes of any statute, case law, or rule of interpretation or construction.

10.7     *Principles of Interpretation*.   The following principles of interpretation apply to this Agreement:

(a)    The headings of this Agreement are for reference only and do not affect in any way the meaning or interpretation of this Agreement.

(b)    Definitions apply to the singular and plural forms of each term defined.

(c)    References to a person are also to the person's permitted successors and assignees.

(d)    Whenever the words "include," "includes," or "including" are used in this Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

10.8    *Executed in Counterparts*. This Agreement may be executed in counterparts, all of which shall be considered the same as if a single document had been executed, and shall become effective when such counterparts have been signed by each of the Parties and delivered to the other Party. Counterpart copies of signature pages, whether delivered in original, by electronic mail in pdf format and/or by facsimile, taken together shall all be treated as originals and binding signatures.

10.9    *Notices*. Unless otherwise provided herein, any notice, request, instruction, application for Court approval, or application for Court Order sought in connection with the Agreement, shall be in writing and delivered personally or sent by certified mail or overnight delivery service, postage prepaid, with copies by facsimile or e-mail to the attention of Class Counsel or Defendants' Counsel (as well as to any other recipients that a court may specify). Parties may change the person(s) to whom such notices should be directed by giving notice pursuant to this Section. As of the date hereof, the respective representatives are as follows:

**For Defendant:**

>**Mark B. Blocker**
>Sidley Austin LLP
>One South Dearborn Street
>Chicago, IL    60603
>Telephone:    (312) 853-7000
>Facsimile:    (312) 853-7036
>mblocker@sidley.com

>**Jennifer M. Mountcastle**
>Deputy General Counsel, Senior Vice President - Legal
>The Huntington National Bank
>41 South High Street, HC0323
>Columbus, OH 43287
>Phone: 614.480.4540
>Jennifer.m.mountcastle@huntington.com

**For Plaintiffs:**

>**Kai H. Richter**
>Nichols Kaster, PLLP
>4600 IDS Center
>80 S 8th Street
>Minneapolis, MN 55402
>Telephone: 612-256-3200
>Facsimile: 612-338-4878
>krichter@nka.com

10.10    ***Extensions of Time***. The Parties may agree, subject to the approval of the Court where required, to reasonable extensions of time to carry out the provisions of the Agreement.

10.11    ***Governing Law***. This Agreement shall be governed by and construed in accordance with the laws of Ohio without giving effect to any conflict of law provisions that would cause the application of the laws of any jurisdiction other than Ohio.

10.12    ***Fees and Expenses***. Except as otherwise expressly set forth herein, each Party hereto shall pay their own fees, costs and expenses incurred in connection with the Action, including fees, costs and expenses incident to his, her or its negotiation, preparation or

compliance with this Agreement, and including any fees, expenses and disbursements of its counsel, accountants, and other advisors. Nothing in this Agreement shall require Defendants or their insurers to pay any monies other than as expressly provided herein.

10.13    ***Communication With Participants***.    Nothing in this Agreement or Settlement shall prevent or inhibit Defendants' ability to communicate with current or former participants of the Plan.

10.14    ***Retention of Jurisdiction***. The Parties agree that the Court may retain jurisdiction of this matter after the Effective Date and enter such Orders as are necessary or appropriate to effectuate the terms of the Agreement.

**Agreed to on behalf of Julie Karpik, Michelle Lewis, Deborah Mondell, Robert Owen, Linda Humenik, Diane George and Theodore George, and on behalf of the Settlement Class.**

Dated: August 7, 2020

By:_____
Kai H. Richter
**Nichols Kaster, PLLP**
4600 IDS Center
80 S 8th Street
Minneapolis, MN 55402
Telephone: 612-256-3200
Facsimile: 612-338-4878
krichter@nka.com

**Agreed to on behalf of Julie Karpik, Michelle Lewis, Deborah Mondell, Robert Owen, Linda Humenik, Diane George and Theodore George, and on behalf of the Settlement Class.**

Dated: August 7, 2020

By: _____

Kai H. Richter
**Nichols Kaster, PLLP**
4600 IDS Center
80 S 8th Street
Minneapolis, MN 55402
Telephone: 612-256-3200
Facsimile: 612-338-4878
krichter@nka.com

**Agreed to on behalf of Defendants.**

Dated:   August 7, 2020

By: _____

Mark B. Blocker
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL 60603
Tel.: (312) 853 7000
Fax: (312) 853 7036
mblocker@sidley.com

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| Julie Karpik, Michelle Lewis, Deborah Mondell, Robert Owen, Linda Humenik, Diane George, and Theodor George, individually and as representatives of a class of similarly situated persons, and on behalf of the Huntington Investment and Tax Savings Plan, | Case No. 2:17-cv-1153 |
| Plaintiffs, vs. | Judge Michael H. Watson<br><br>Magistrate Judge Kimberley A. Jolson |
| Huntington Bancshares Incorporated, Huntington Bancshares Incorporated Board of Directors, and Huntington Bancshares Incorporated Investment and Administrative Committee,<br><br>Defendants. | |

## FINAL APPROVAL ORDER

WHEREAS, on _____ this Court conducted a Fairness Hearing to, among other things, (1) determine whether to finally certify the Settlement Class[1] pursuant to Fed. R. Civ. P. 23(b)(1); (2) determine whether the terms of the Settlement Agreement and the proposed Settlement provided for therein are fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court; (3) determine whether the proposed Plan of Allocation for distributing the Settlement proceeds among Settlement Class Members should be approved by the Court; (4) consider the motion of Plaintiffs and Class Counsel for Attorneys' Fees and Expenses and Class Representative Service Awards; and (5) to hear and rule upon other matters as appropriate in regards to the parties' class action Settlement;

---

[1]   All capitalized terms used herein shall have the meaning ascribed to them in the Class Action Settlement Agreement and Release dated August 7, 2020 ("Settlement Agreement") entered between Plaintiffs and Defendants Huntington Bancshares Inc., Huntington Bancshares Inc. Board of Directors, and Huntington Bancshares Inc. Investment and Administrative Committee (collectively "Defendants").

1

WHEREAS, the Court was advised at the Final Approval Hearing that the Notice in the form approved by the Court was sent to the Settlement Class pursuant to the terms of the Settlement Agreement and posted on the Settlement Website; and

WHEREAS, Defendants have notified the Court of their compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715;

WHEREAS, the Court, having considered all matters submitted to it at the Final Approval Hearing, including all written submissions and the arguments of counsel for the Parties and counsel for any objectors;

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. The Settlement Agreement, including the definitions contained therein, is incorporated by reference in this Final Approval Order.

2. The Court has jurisdiction over the subject matter of this Action.

3. Pursuant to Fed. R. Civ. P. 23(b)(1), the Court hereby finally certifies, for purposes of effectuating the Settlement only, a Settlement Class consisting of all participants and beneficiaries of the Huntington 401(k) Plan from December 29, 2011 through [the date of preliminary approval], excluding the Defendants or any Plan participant who is or was a fiduciary to the Plan during the Class Period.

4. The Court appoints Julie Karpik, Michelle Lewis, Deborah Mondell, Robert Owen, Linda Humenik, Diane George, and Theodore George as the Class Representatives for the Settlement Class.

5. The Court appoints the following firms as Class Counsel for the Settlement Class: (a) Nichols Kaster, PLLP; and (b) Barkan Meizlish DeRose Wentz McInerney Peifer, LLP.

6.     The Court finds that Defendants have complied with the notice requirements of 28 U.S.C. § 1715.

7.     The Notice was previously provided to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class Members of the terms and conditions of the proposed Settlement met the requirements of Fed. R. Civ. P. 23 and due process; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons entitled thereto of the terms and conditions of the Settlement and the right to object.

8.     Based on the evidence submitted by the parties, the Court concludes that the Settlement is fair, reasonable and adequate. The Settlement is therefore approved, and the Parties are directed to consummate the Settlement Agreement in accordance with its terms and conditions.

9.     The Plan of Allocation is also hereby approved as fair, reasonable and adequate.

10.     The Court finds that the members of the Settlement Class are in privity with the interests of the Plan, its participants and its beneficiaries, and all private parties authorized to sue under ERISA sections 502(a)(2) and (3), that such private parties are adequately represented by the Class Representatives, and all parties authorized to sue under ERISA sections 502(a)(2) and (3) are hereby bound by the Settlement and this Order.

11.     The Action is hereby dismissed with prejudice in its entirety and without an award of costs, except as provided in the Settlement Agreement.

12.     The Settlement agreement is hereby approved in its entirety.

13.     For purposes of this Paragraph 14 of this Order, the following definitions (which are identical to the definitions in the Settlement Agreement, as modified above) shall apply:

a. "Huntington Releasees" shall mean, collectively, the Defendant Released Parties (as defined below) and Other Released Parties (as defined below).

b. "Defendant Released Parties" shall mean the Huntington Bancshares Incorporated, Huntington Bancshares Incorporated Board of Directors, and Huntington Bancshares Incorporated Investment and Administrative Committee, and all of their respective members, officers, directors, employees (including any of the foregoing who have acted as a fiduciary or provided services to the Plan during the Class Period (defined in Section 1.7 of the Settlement Agreement)), trustees, and affiliates.

c. "Other Released Parties" shall mean shall mean the Huntington's insurers and all third parties that provided services to the Plan during the Class Period.

d. "Released Claims" shall mean any and all claims, debts, demands, rights or causes of action, suits, matters, and issues or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class, derivative, or individual in nature (collectively, "Claims"), including both known Claims and Unknown Claims, against any of the Huntington Releasees and Defendants' Counsel that have been asserted in this Action or which could have been asserted based on the same factual predicate as those Claims, including those that in any way arise out of, relate to, are based on, or have any connection with the Plan's management and administration, including, but not limited to any fees, expenses, investment option performance, monitoring of investment options, revenue sharing,

4

recordkeeping fees, administrative fees, total plan costs, the use of money market funds as investment options, or any other aspect of Plan administration or management, or (iii) would have been barred by res judicata had the Action been fully litigated to a final judgment.

As of the Effective Date, all Settlement Class Members and their successors and assignees are permanently enjoined, either directly, representatively, or in any other capacity, from prosecuting, instituting, or commencing any individual, class, or other action with respect to the Released Claims against any of the Huntington Releasees.

14. The terms of the Settlement Agreement and of this Final Approval Order shall be forever binding on the Class Representatives, Settlement Class Members, and all of their successors and assigns, and the Settlement shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, or other proceedings involving the Released Claims.

15. In recognition of their work, the time and expenses incurred on behalf of the Settlement Class and the value of the results achieved on behalf of the Settlement Class, pursuant to the terms of the Settlement Agreement, each named Plaintiff shall be entitled to receive a Class Representative Service Award and Class Counsel shall be entitled to receive their Attorneys Fees' and Expenses in the amounts set forth by the Court in its separate order addressing the motion of Plaintiffs and Class Counsel for such awards from the Settlement Fund.

16. Without affecting the finality of this Final Approval Order in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the Settlement and any award or distribution of the Distributable Settlement Amount; and (b) the Parties and the Settlement Class Members for purposes of construing, enforcing and administering the Agreement.

SO ORDERED this _____ day of _____, 2020

_____
United States District Judge

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |
|---|---|
| Julie Karpik*, et. al*, | Case No. 2:17-cv-01153-MHW-KAJ |
| Plaintiffs, | |
| v. | |
| Huntington Bancshares Incorporated, *et al.,* | |
| Defendants. | |

**If you were a participant in the Huntington 401(k) Plan, formerly known as the Huntington Investment and Tax Savings Plan, at any time from December 29, 2011 through [date of preliminary approval] you may benefit from a class action settlement.**

*A Court authorized this notice. This is not a solicitation from a lawyer.*

This notice advises you of a settlement (the "Settlement") of a lawsuit against Huntington Bancshares Inc., the Huntington Bancshares Inc. Board of Directors, and Huntington Bancshares Inc. Investment and Administrative Committee (collectively, "Huntington"). In the lawsuit, Plaintiffs allege various claims related to the operation of the Huntington 401(k) Plan, formerly known as the Huntington Investment and Tax Savings Plan (the "Plan"). Plaintiffs claim, among other things, that Huntington should not have selected and maintained certain Huntington Funds as investment options in the Plan, and should not have allowed the Plan to pay higher recordkeeping and administrative fees than necessary to the Plan's recordkeepers. Huntington denies all of the allegations in the lawsuit and contends that its conduct was entirely proper. You should read this entire notice carefully because your legal rights will be affected whether you act or not.

This notice explains your rights and options, including the deadline for you to object if you are opposed to this Settlement. You do not need to do anything to receive your share of the Settlement proceeds. Current Participants will have their share of the settlement proceeds deposited in their Plan account, provided that they still have one on the date the distribution is made. Former Participants will receive their settlement proceeds by check payable directly to them, unless they submit a Rollover Form directing the Settlement Administrator to roll over their payment to another tax-qualified retirement account. Rollover Forms can be obtained on the Settlement Website at www.settlementwebsite.com. [**If Former Participant: Because the Plan's records show that you are a Former Participant, a Rollover Form is included with this Notice**].

## BASIC INFORMATION

### 1.      Why did I get this notice?

The Settlement Class in this case includes all participants and beneficiaries of the Huntington 401(k) Plan, formerly known as the Huntington Investment and Tax Savings Plan, from December 29, 2011 through the date of preliminary approval, excluding the Defendants or any Plan participant who is or was a fiduciary to the Plan during the Class Period. You are receiving this notice because the Plan's records indicate that you are or were a participant in the Plan during the Class Period. As such, your rights will be affected by the Settlement of this lawsuit.

**Please read the following information carefully to find out what the lawsuit is about, what the terms of the proposed settlement are, what rights you have to object to the proposed settlement agreement if you disagree with its terms, and the deadline to object to the proposed settlement.**

### 2.      What this Lawsuit is about?

A lawsuit was filed in the United States District Court for the Southern District of Ohio against Huntington. The lawsuit alleges that Huntington violated the Employee Retirement Income Security Act ("ERISA") with respect to the Plan. The individuals who are pursuing the lawsuit ("Plaintiffs") claim, among other things, that Huntington should not have selected and maintained certain Huntington Funds as investment options in the Plan, and that the Plan paid higher recordkeeping and administrative fees than necessary to the Plan's recordkeepers. Plaintiffs also alleged that Huntington caused the Plan to participate in prohibited transactions under ERISA, but Plaintiffs' prohibited transaction claims were dismissed. This is just a summary of the allegations in the lawsuit. A copy of Plaintiffs' Amended Complaint containing all of Plaintiffs' allegations is available on the Settlement Website at www.settlementwebsite.com.

Huntington denies the allegations in the lawsuit and contends that its conduct was entirely proper. Huntington has asserted, and would assert should the litigation continue, a number of defenses to Plaintiffs' claims.

### 3.      What is a class-action lawsuit?

In a class-action lawsuit, one or more people called "class representatives" sue on their own behalf and on behalf of other people who have similar claims. One court resolves all the issues for all class members in a single lawsuit. Seven participants in the Plan are the class representatives in this lawsuit.

### 4.      Why is there a Settlement?

The parties have agreed to the Settlement after extensive negotiations. By agreeing to the Settlement, the parties avoid the costs and risks of further litigation, and Plaintiffs and the other members of the Settlement Class will receive compensation and other benefits. Class Counsel have conducted a review of the evidence in the case and the potential risks and benefits of continued litigation and believe that the Settlement is in the best interest of the class. The Court has not made any finding that Huntington has done anything wrong or violated any law or regulation.

The Plan has retained an independent fiduciary to evaluate the fairness of the Settlement. The independent fiduciary is Fiduciary Counselors Inc.

**5.    How do I get more information about the Settlement?**

This notice is only a summary of the lawsuit and the proposed Settlement. It is not a complete description of the lawsuit or the proposed Settlement. Further information about the Settlement and the lawsuit can be found on the Settlement Website at www.settlementwebsite.com. You may also inspect the pleadings and other papers (including the Settlement Agreement) that have been filed in this lawsuit at the office of the Clerk of the United States District Court for the Southern District of Ohio, which is located at 85 Marconi Boulevard, Columbus, Ohio 43215. You may also review documents electronically through Public Access to Court Records, which is available as www.pacer.gov.

If you have questions about this notice or the proposed Settlement, you may contact the Settlement Administrator at 123.456.7899 for more information.

Do <u>not</u> contact the Court or the Defendants for information about the Settlement. The Settlement Administrator or Class Counsel can answer any questions you may have about the proposed Settlement.

**THE SETTLEMENT BENEFITS – WHAT YOU MAY GET**

**6.    What does the Settlement provide?**

Plaintiffs and Huntington have agreed to a settlement that involves monetary payments to participants. These and other terms of the Settlement are set forth in the Class Action Settlement Agreement dated August 7, 2020 ("Settlement Agreement"), and described briefly below.

As part of the Settlement, Huntington has agreed to make a one-time payment of $10.5 million (the "Settlement Amount"). After deduction from the Settlement Amount for any amounts that the Court approves for settlement-related expenses (including Class Representative Service Awards to Plaintiffs, Attorneys' Fees and Expenses to Class Counsel, certain Administrative Costs, and Taxes and Tax-Related Costs), the remaining amount (known as the "Distributable Settlement Amount") will be distributed to Settlement Class Members. Monies will be distributed in accordance with the Plan of Allocation set forth in the Exhibit C to the Settlement Agreement, which can be found on the Settlement Website at www.settlementwebsite.com and also can be obtained by contacting the Settlement Administrator at 123.456.7899.

Current Participants will have their share of the settlement proceeds deposited in their Plan account, provided that they still have one on the date the distribution is made. Former Participants will receive their settlement proceeds by check, unless they submit a Rollover Form directing the Settlement Administrator to roll over their payment to another tax-qualified retirement account. [**If Former Participant: Because the Plan's records show that you are a Former Participant, a Rollover Form is included with this Notice**].

To avoid disproportionate expenses in particular cases, the parties have agreed that no distribution will be made to any Settlement Class Member who (1) is a Former Participant and (2) would otherwise be entitled to an amount of less than $15 from the Distributable Settlement Amount. Current Participants are *not* subject to this restriction.

**7.      If I am entitled to a distribution, how will I receive the settlement proceeds?**

Settlement Class Members who have a positive balance in their Plan account at the time of the distribution will receive any settlement proceeds through a deposit into their Plan account. To the extent feasible and ascertainable, those settlement proceeds will be invested in accordance with each Settlement Class Member's instructions for investment of new contributions at the time the distribution is made, or, if no such instructions are in effect, to the applicable qualified default investment option. Settlement Class Members who no longer have a positive balance in their Plan account as of the date of distribution ("Former Participants") will receive a check directly from the Settlement Administrator, unless they submit a Former Participant Rollover Form.  [**If Former Participant: Because the Plan's records show that you are a Former Participant, a Rollover Form is included with this Notice**].

**8.      How will I benefit from the Settlement?**

You may be entitled to receive a portion of the Distributable Settlement Amount. Only Settlement Class Members are eligible to receive a portion of the Distributable Settlement Amount. (See the answer to Question 6 above.) Whether or not a person meets this definition will be based on the Plan's records. You have received this notice because, based on the Plan's records, you are believed to be a member of the Settlement Class. The Plan of Allocation will determine the amount paid to each eligible participant.

**9.      When will I receive my distribution?**

The timing of the distribution of the Distributable Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and any approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval order may take many months or even years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur within six months of the Court's Final Approval Order.

**There will be no payments under the Settlement if the Settlement Agreement is terminated.**

## THE SETTLEMENT BENEFITS – WHAT YOU GIVE UP

**10.      What do I give up by participating in the Settlement?**

In exchange for Huntington's payment of the Settlement Amount, all Settlement Class Members will release any claims they have related to the lawsuit and be prohibited from bringing or pursuing any other lawsuits or other actions based on such claims. A full description of the Released Claims and the Released Parties is set forth in the Settlement Agreement, which is available at www.settlementwebsite.com.

## THE LAWYERS AND CLASS REPRESENTATIVES

**11.      Do I have a lawyer in this case?**

Yes. In granting preliminary approval of the proposed Settlement, the Court appointed the Plaintiffs' lawyers to serve as Class Counsel for the Settlement Class. The lead attorneys for the Settlement Class are as follows:

3

Kai Richter
NICHOLS KASTER, PLLP
4600 IDS Center
80 S 8th Street
Minneapolis, MN 55402

Robert E. DeRose
BARKAN MEIZLISH DEROSE WENTZ MCINERNEY
PEIFER, LLP
250 E. Broad Street, 10 Floor
Columbus, Ohio 43215

You will not be charged separately for the work of these lawyers; their compensation will come from the Settlement Amount and will be determined by the Court. If you want to be represented by a different lawyer in this case, you may hire one at your own expense.

### 12. How will the lawyers (Class Counsel) be paid?

To date, Class Counsel have not been paid for any of their time investigating and litigating the lawsuit, or for any of the costs they have incurred throughout the time this case has been pending. Accordingly, Class Counsel will ask the Court to approve their compensation, which will consist of (a) reasonable attorneys' fees and (b) reimbursement of the expenses they incurred in prosecuting the case. Class Counsel intend to seek attorneys' fees equal to one-third of the Settlement Amount plus reasonable expenses. The motion and supporting papers will be filed on or before **[date]**. After that date you may review the motion and supporting papers at www.settlementwebsite.com. Any attorneys' fees and expenses approved by the Court, in addition to Administrative Costs and Taxes and Tax-Related Costs, will be paid from the Settlement Amount.

### 13. What Are the Class Representatives Receiving?

Class Counsel also will ask the Court to approve payments, not to exceed $7,500, for each of the Class Representatives who participated in the case. Their activities included assisting in the factual investigation of the case by Class Counsel, giving depositions under oath, producing documents, and giving overall support to the case. Any Class Representatives' Compensation awarded by the Court will be paid from the Settlement Amount.

## OBJECTING TO THE SETTLEMENT

### 14. What is the procedure for objecting to the Settlement?

Prior to the Fairness Hearing, Settlement Class Members will have the opportunity to object to approval of the Settlement or the requested Attorneys' Fees and Expenses and Class Representatives' Compensation. To object, you must send your objection to the Court, at U.S. District Court, Southern District of Ohio, 85 Marconi Boulevard, Columbus, Ohio 43215, and to the Parties at the following addresses:

To Class Counsel:

> Kai Richter
> NICHOLS KASTER, PLLP
> 4600 IDS Center
> 80 S 8th Street
> Minneapolis, MN 55402

To Defendants' Counsel:

> Mark B. Blocker
> SIDLEY AUSTIN LLP
> One South Dearborn Street
> Chicago, IL 60603

Objections must be filed with the Court Clerk on or before [date]. Objections filed after that date will not be considered. Any Settlement Class Member who fails to submit a timely objection will be deemed to have waived any objection they might have, and any untimely objection will be barred absent an order from the Court. Objections must include: (1) the case name and number; (2) your full name, current address, telephone number and signature; and (3) a statement of all comments or grounds for the objection. Objecting will not have any bearing on your right to receive the benefits of the Settlement if it is approved by the Court.

## 15. What if I do not want to be part of the lawsuit and want to exclude myself?

The Settlement does not allow any Settlement Class Members to exclude themselves from the settlement or decide not to be a part of the Settlement. While some class-action settlements allow class members to "opt out" of the settlement, because of the nature of the claims Plaintiffs have asserted in this lawsuit, Settlement Class Members do not have any right to opt out.

## THE COURT'S FAIRNESS HEARING

## 16. What is a fairness hearing?

The Court has granted preliminary approval of the proposed Settlement, finding that it is sufficiently reasonable to warrant such preliminary approval, and has approved delivery of this notice to Settlement Class Members. The Settlement will not take effect, however, until it receives final approval from the Court following an opportunity for Settlement Class Members to object to the Settlement. Following the deadline for objecting to the Settlement, the Court will hold a Fairness Hearing on [date] to consider any objections. The Fairness Hearing will take place at [time] at the United States District Court for the Southern District of Ohio, located at 85 Marconi Boulevard, Columbus, Ohio 43215. The date and location of the Fairness Hearing is subject to change by Order of the Court. If there is such a change, it will appear on the Court's docket for this case and also be noted on the Settlement Website at www.settlementwebsite.com.

## 17. Can I attend the Fairness Hearing?

Yes, anyone can attend the Fairness Hearing. Those persons or their attorneys intending to speak at

the Fairness Hearing must serve notice of their intention to appear on Class Counsel and Defendants' counsel (at the addresses set out above in Question 14) and also file it with the Court Clerk by no later than [date]. The notice must include: (1) the name, address, and telephone number of the Settlement Class Member, and (2) if applicable, the name, address, and telephone number of that Settlement Class Member's attorney. Anyone who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to speak at the Fairness Hearing, except by Order of the Court. Any comment or objection that is timely filed will be considered by the Court even in the absence of a personal appearance by the Settlement Class Member or that Settlement Class Member's attorney.

## 18.     Where can I get more information?

For more information, you can visit the Settlement Website at [www.settlementwebsite.com,](www.settlementwebsite.com) where you will find the full Settlement Agreement, the Court's order granting preliminary approval, this Notice, the Rollover Form, and other relevant pleadings and documents. If you cannot find the information you need on the website, you may also contact the Settlement Administrator at 123.456.7899 or contact Class Counsel. Do not contact the Court or Defendants to get additional information.

# EXHIBIT C

# PLAN OF ALLOCATION

The Settlement Administrator[1] shall first divide the Distributable Settlement Amount amongst the Investment Claim and the Recordkeeping Fee Claim as follows:

1. 95% of the Distributable Settlement Amount shall be allocated for payments related to the Investment Claim (the "Investment Pool");

2. 5% of the Distributable Settlement Amount shall be allocated for payments related to the Recordkeeping Fee Claim (the "Recordkeeping Pool");

The Settlement Administrator shall calculate the Distributable Settlement Amount for each Settlement Class Member as follows:

## RECORDKEEPING FEE CLAIM

**STEP 1:** The Settlement Administrator shall obtain the quarter-end account balances in the Plan for every Settlement Class Member for the Class Period. For the year 2020, the Settlement Administrator shall use the account balances through the second quarter.

**STEP 2:** The Settlement Administrator shall calculate the Recordkeeping Entitlement Percentage as follows: (i) assigning 4 points for every quarter a Settlement Class Member had a positive account balance in the Plan from the first quarter of 2012 through the third quarter of 2016; and (ii) assigning 1 point for every quarter a Settlement Class Member had a positive account balance in the Plan for all remaining quarters after the third quarter of 2016. The Settlement Administrator shall then sum the number of points for each Settlement Class Member's account balances and shall divide that sum by the sum of all the Settlement Class Members' point balances for the Class Period, with the quotient representing the Recordkeeping Entitlement Percentage for each such Settlement Class Member.

*Sum of Settlement Class Member's Points/Sum of Points for All Settlement Class Members' Points = Recordkeeping Entitlement Percentage*

**STEP 3:** The Settlement Administrator shall multiply the Recordkeeping Entitlement Percentage by the Recordkeeping Pool, with the product representing the Preliminary Recordkeeping Claim Entitlement Amount.

*Recordkeeping Entitlement Percentage x Recordkeeping Pool = Preliminary Recordkeeping Claim Entitlement Amount*

---

[1] All capitalized terms used herein shall have the meaning ascribed to them in the Class Action Settlement Agreement and Release dated August 7, 2020 ("Settlement Agreement") entered between Plaintiffs and Defendants Huntington Bancshares Inc., Huntington Bancshares Inc. Board of Directors, and Huntington Bancshares Inc. Investment and Administrative Committee (collectively "Defendants").

## INVESTMENT CLAIM

**STEP 1:** The Settlement Administrator shall determine each Settlement Class Member's Investment Claim Entitlement Percentage. To compute the Investment Claim Entitlement Percentage, the Settlement Administrator shall sum all of the class member's quarter-end account balances invested in the Huntington Funds during the Class Period and shall divide that amount by the sum of all Settlement Class Members' quarter-end balances in the Huntington Funds. The quotient described above shall represent the Entitlement Percentage for each such Settlement Class Member.

*Sum of Quarter-end Account Balances in the Huntington Funds For Each Settlement Class Member (positive only) / Sum of Quarter-end Account Balances in the Huntington Funds for all Settlement Class Members = Investment Claim Entitlement Percentage*

**STEP 2:** For each Settlement Class Member, the Settlement Administrator shall then calculate each Settlement Class Member's Entitlement Amount as follows: multiplying each Settlement Class Member's Entitlement Percentage by the Investment Pool, with the product representing each Settlement Class Member's Preliminary Investment Claim Entitlement Amount

*Entitlement Percentage x Investment Pool = Preliminary Investment Claim Entitlement Amount*

## AGGREGATE ENTITLEMENT AMOUNT

The Settlement Administrator shall calculate the Final Aggregate Entitlement Amount for each Settlement Class Member as follows:

**STEP 1:** The Settlement Administrator shall sum the Preliminary Recordkeeping Claim Entitlement Amount and the Preliminary Investment Claim Entitlement Amount for each Settlement Class Member. This total amount will be the Preliminary Aggregate Entitlement Amount.

**STEP 2:** The Settlement Administrator shall then identify any Settlement Class Member who meets both of the following criteria: (i) he or she either no longer has an account in the Plan or has an account with a $0 balance, and (ii) the Preliminary Aggregate Entitlement Amount is less than $15. Such Settlement Class Member shall be referred to as De Minimis Payment Class Members.

**STEP 3:** The Settlement Administrator shall remove all De Minimis Payment Class Members from the list of Settlement Class Members, and then repeat all steps above for both the Recordkeeping Fee Claim and Investment Claim to re-calculate each Settlement Class member's Entitlement Amount. The resulting figures shall represent the Final Entitlement Amount. The Settlement Administrator shall use its discretion as to rounding, so long as the total of all Final Entitlement Amounts does not exceed the Distributable Settlement Amount.

**STEP 4:** All Settlement Class Members with a positive account balance in the Plan as of the distribution date will receive a disbursement of the Final Entitlement Amount deposited into

their Plan account. This amount will be invested in accordance with each Settlement Class Member's existing investment instructions, and in the absence of such instructions, in the Qualified Default Investment Alternative. All Settlement Class Members who either no longer have an account in the Plan or have an account with a $0 balance will receive a disbursement of the Final Entitlement Amount by check from the Settlement Administrator, unless they submitted a Rollover Form in which case they shall receive their Final Entitlement Account in accordance with their Rollover Form.

# EXHIBIT D

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OHIO
# EASTERN DIVISION

| | |
|---|---|
| Julie Karpik, Michelle Lewis, Deborah Mondell, Robert Owen, Linda Humenik, Diane George, and Theodor George, individually and as representatives of a class of similarly situated persons, and on behalf of the Huntington Investment and Tax Savings Plan, | Case No. 2:17-cv-1153 |
| Plaintiffs, | Judge Michael H. Watson |
| vs. | Magistrate Judge Kimberley A. Jolson |
| Huntington Bancshares Incorporated, Huntington Bancshares Incorporated Board of Directors, and Huntington Bancshares Incorporated Investment and Administrative Committee, | |
| Defendants. | |

## PRELIMINARY APPROVAL ORDER

This matter came to before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. In connection with that motion, the Court has considered and reviewed the following materials: (a) Plaintiffs' Motion for Preliminary Approval (the "Motion"), and the papers filed in connection therewith; and (b) the Class Action Settlement Agreement dated August 7, 2020 and the exhibits attached thereto (the "Settlement Agreement"). In addition, the Court has considered the arguments of counsel and the pleadings and record in this case. This Court has considered all of the foregoing materials and information and finds that there is good cause for granting the Motion.

1

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1.      Capitalized terms used in this Order that are not otherwise identified herein have the meaning assigned to them in the Settlement Agreement.

2.      The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

3.      Venue before this Court is proper pursuant to 29 U.S.C. § 1132(e)(2).

4.      The terms set forth in the Settlement Agreement are hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.  The Court concludes that the Settlement Agreement is sufficiently within the range of reasonableness to warrant the preliminary approval of the Settlement Agreement, the scheduling of the Fairness Hearing, and the mailing of Notices to Settlement Class Members, each as provided for in this Order.  The Court further finds, on a preliminary basis, that the proposed formula proposed for allocating the Distributable Settlement Fund among Settlement Class Members is fair and reasonable.

**<u>Class Certification for Settlement Purposes</u>**

5.      Pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, the Court hereby certifies for settlement purposes only the following Settlement Class (the "Class" or the "Settlement Class"):

> All participants and beneficiaries of the Huntington 401(k) Plan, formerly known as the Huntington Investment and Tax Savings Plan, from December 29, 2011 through [the date of preliminary approval], excluding the Defendants or any Plan participant who is or was a fiduciary to the Plan during the Class Period.

6.      Solely for settlement purposes, the Court finds that each element required for certification of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Class are so numerous that their joinder in the Action is impracticable; (b) there are questions of law and fact common to the members of the Class that predominate over any

2

questions affecting only individual members of the Class; (c) Plaintiffs' claims are typical of the claims of the Class; and (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Class. Solely for settlement purposes, the Court further finds that the requirements of Rule 23(b)(1) have been met. Prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications as to individual Settlement Class Member(s) that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action, and adjudications with respect to individual Class members would, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

7.     For settlement purposes, the Court hereby finds that pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs are adequate class representatives and certifies them as Class Representatives for the Class, and appoints the law firms of Nichols Kaster, PLLP and Barkan Meizlish DeRose Wentz McInerney Peifer, LLP as Class Counsel. Plaintiffs and Class Counsel have fairly and adequately represented the Class in terms of both litigating the claims of the Class and entering into and implementing the Settlement, and have satisfied all the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

<u>**Class Notice**</u>

8.     The Court approves the Notice of Proposed Class Action Settlement ("Notice") in the form attached as Exhibit B to the Settlement Agreement. The parties may make non-substantive changes to the Notice, such as filling in the applicable dates and correcting any typographical errors or addressing similar issues.

9.      Defendant shall cause the Plan's recordkeepers during the class period to provide to the Settlement Administrator with the last known mailing address for each Settlement Class Member.  The names and addresses provided to the Settlement Administrator pursuant to this Order shall be used solely for the purpose of providing notice of this Settlement and for no other purpose.

10.     Within thirty (30) days after entry of this Order, the Settlement Administrator shall cause copies of the Notice to be sent via first-class U.S. mail, postage pre-paid to each Settlement Class Member through the notice procedure described in the Settlement Agreement.  The Notice shall be accompanied by the Rollover Form attached as Exhibit E to the Settlement Agreement for Settlement Class Members who are Former Participants.

11.     The Court finds that the Notice to be provided as set forth in this Order is the best means of providing notice to the Settlement Class Members as is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing, and the requested Attorneys' Fees and Expenses and Class Representative Service Awards, to all persons affected by or entitled to participate in the Settlement in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

12.     All reasonable Administrative Costs for the Settlement Administrator, Independent Fiduciary, and Escrow Agent in connection with their duties under the Settlement shall be paid as set forth in the Settlement Agreement without further order of the Court.

**Fairness Hearing**

13.     The Court will hold a Fairness Hearing on _____, 2020 [date no earlier than 112 days from date of preliminary approval] at __:__ .m. in Courtroom ___ of the Joseph P. Kinneary

4

United States Courthouse, 85 Marconi Boulevard, Columbus, Ohio 43215, for the following purposes: (a) to determine whether the proposed Settlement is fair, reasonable, adequate and in the best interests of the Class and should be approved by the Court; (b) to determine whether a Final Approval Order substantially in the form attached as Exhibit A to the Settlement Agreement should be entered pursuant to the terms of the Settlement, dismissing with prejudice all claims asserted in the Action against Defendants with respect to Settlement Class Member(s); (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the separate motion for payment of Attorneys' Fees and Expenses to Class Counsel and Class Representative Service Awards to the named Plaintiffs should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Fairness Hearing shall be given to Class Members as set forth in Paragraph 10 of this Order.

14.     The Court may adjourn the Fairness Hearing and approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

## **Appearance and Objections at Settlement Hearing**

15.     The Court will consider written comments and objections to the Settlement Agreement, to the Plan of Allocation, to the proposed award of Attorneys' Fees and Expenses, or to the request for Class Representative Service Awards for the Plaintiffs only if such written comments or objections are filed with the Court Clerk not later than 21 days before the Fairness Hearing and comply with the requirements of Paragraph 16 below, and are served on the Parties at the following addresses:

For Filing with the Court:

United States District Court
Southern District of Ohio
85 Marconi Boulevard
Columbus, OH 43215

To Class Counsel:

Kai Richter
NICHOLS KASTER, PLLP
4600 IDS Center
80 S 8th Street
Minneapolis, MN 55402

To Defendants' Counsel:

Mark B. Blocker
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL  60603

16.     The Court will only consider written comments and objections to the Settlement that are signed by the Settlement Class Member and are timely filed with the Court Clerk and served not later than 21 days before the Fairness Hearing and include all of the following: (a) the name and case number of the Action; (b) the Settlement Class Member's full name, address, telephone number, and signature; and (c) a statement of all comments or grounds for the objection. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement Agreement, and any untimely objection shall be barred absent an Order from the Court.  The Parties may take discovery, including depositions, from anyone who files an objection with respect to any of the issues raised in the objection.

17.     Anyone who files and serves a timely, written comment or objection in accordance with this Order may also appear at the Fairness Hearing either in person or through qualified

6

counsel retained at their own expense. Those persons or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the Settlement Class Member (and, if applicable, the name, address, and telephone number of that Settlement Class Member's attorney) on Class Counsel and Defendants' Counsel (at the addresses set out above) and file it with the Court Clerk by not later than 21 days before the Fairness Hearing. Anyone who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except by Order of the Court for good cause shown. Any comment or objection that is timely filed will be considered by the Court even in the absence of a personal appearance by the Settlement Class Member or that Settlement Class Member's counsel.

### Additional Issues

18.     The Court approves the retention of Analytics Consulting LLC as the Settlement Administrator.

19.     The Court approves the selection of Alerus Financial as the Escrow Agent. The contents of the Settlement Fund held by Alerus Financial as Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as they shall be distributed pursuant to the Settlement Agreement and/or further Order(s) of the Court.

20.     In further aid of the Court's jurisdiction to review, consider, implement, and enforce the Settlement, the Court orders that Plaintiffs and all Settlement Class Members are preliminarily enjoined and barred from commencing, prosecuting, or otherwise litigating, in whole or in part, either directly, representatively, derivatively, or in any other capacity, whether by complaint,

counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located, any contention, allegation, claim, cause of action, matter, lawsuit, or action asserting the Released Claims.

### Termination of Settlement

21.     If the Settlement is terminated or not approved, or if the Effective Date of the Settlement does not occur, this Order shall become null and void and be without prejudice to the rights of the plaintiffs, the Settlement Class Members, and Defendants, and the Settling Parties shall be deemed to have reverted to their respective positions in this Action as of August 7, 2020.

### Supporting Papers

22.     Plaintiffs shall file their motion for final approval of the proposed Settlement no later than fourteen (14) calendar days prior to the Fairness Hearing, and shall file their motion for Attorneys' Fees and Expenses, and Class Representative Service Awards, no later than fourteen (14) calendar days prior to deadline for Settlement Class Members to submit written comments or objections.

### Use of Order

23.     This Order is not admissible as evidence for any purpose against Defendants in any pending or future litigation involving any of the Parties.  This Order (a) shall not give rise to any inference of, and shall not be construed or used as an admission, concession, or declaration against Defendants of, wrongdoing or liability in the Action or any other proceeding; (b) is not an admission of any liability of any kind, whether legal or factual; (c) shall not be used or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce the Settlement Agreement; (d) shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Settlement Class that their claims lack merit or that the

8

relief requested in the Action is inappropriate, improper, or unavailable; (e) shall not be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Settlement Agreement is terminated. This Order and the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only. Defendant specifically denies any fault, breach, liability or wrongdoing.

## **Jurisdiction**

24.     The Court hereby retains jurisdiction for purposes of implementing the Settlement Agreement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement Agreement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

SO ORDERED this _____ day of _____, 2020

_____
United States District Judge

ACTIVE 258677726

# EXHIBIT E

**Huntington 401(k) Plan Settlement Administrator**
**P.O. Box [number]**
**[City, State, ZIP]**
**[www.settlementwebsite.com]**

## FORMER PARTICIPANT ROLLOVER FORM

JOHN Q CLASSMEMBER                          Claim Number: 1111111
123 MAIN ST APT 1
ANYTOWN, ST 12345

This Former Participant Rollover Form is **ONLY** for Class Members who are **Former Participants** of the Huntington 401(k) Plan (formerly known as the Huntington Investment and Tax Savings Plan), or the beneficiaries or alternate payees of Former Participants (all of whom will be treated as Former Participants). A Former Participant is a Settlement Class Member who does not have a Plan account with a positive balance as of [the date of the Preliminary Approval Order].

Former Participants that would like to elect to receive their settlement payment through a rollover to a qualified retirement account must complete, sign, and mail this form with a postmark on or before [RETURN DATE].  Please review the instructions below carefully. **Former Participants who do not complete and timely return this form will receive their settlement payment by a check made directly to them.**  If you have questions regarding this form, you may contact the Settlement Administrator as indicated below:

WWW.SETTLEMENTWEBSITE.COM OR CALL [PHONE NUMBER]

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PART 1: INSTRUCTIONS FOR COMPLETING FORMER PARTICIPANT ROLLOVER FORM

1.  If you would like to receive your settlement payment through a rollover to a qualified retirement account, complete this rollover form.  You should also keep a copy of all pages of your Former Participant Rollover Form, including the first page with the address label, for your records.

2.  **Mail your completed Former Participant Rollover Form postmarked on or before [RETURN DATE] to the Settlement Administrator at the following address:**

**Huntington 401(k) Plan Settlement Administrator**
**P.O. Box [number] [City, State, ZIP]**

It is <u>your</u> responsibility to ensure the Settlement Administrator has timely received your Former Participant Rollover Form.

3.  Other Reminders:

    • You must provide date of birth, signature, and a completed Substitute IRS Form W-9, which is included as part 5 to this form.

    • If you desire to do a rollover and you fail to complete all of the rollover information in Part 4, below, payment will be made to you by check.

    • If you change your address after sending in your Former Participant Rollover Form, please provide your new address to the Settlement Administrator.

- **Timing of Payments to Eligible Class Members.** The timing of the distribution of the Settlement payments are conditioned on several matters, including the Court's final approval of the Settlement and any approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval order may take many months or even years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur within six months of the Court's Final Approval Order.

4. **Questions?** If you have any questions about this Former Participant Rollover Form, please call the Settlement Administrator at [phone number]. The Settlement Administrator will provide advice only regarding completing this form and will not provide financial, tax or other advice concerning the Settlement or the rollover. You therefore may want to consult with your financial or tax advisor. Information about the status of the approval of the Settlement and the Settlement administration is available on the settlement website, [www.settlementwebsite.com].

You may be eligible to receive a payment from a class action settlement. The Court has preliminarily approved the class settlement of *Karpik, et al. v. Huntington Bancshares Incorporated, et al.*, Civil Action No. 2-17-CV-1153-MHW-KAJ (S.D. Ohio). That Settlement provides allocation of monies to the individual accounts of certain persons who participated in the Huntington 401(k) Plan ("Plan"), formerly known as the Huntington Investment and Tax Savings Plan, at any time between December 29, 2011 and [the date of preliminary approval ] ("Class Members"). Class Members who do not have a Plan account with a positive balance as of [the date of Date of Preliminary Approval] ("Former Participants") will receive their allocations in the form of a check unless they mail a valid Rollover Form postmarked on or before [RETURN DATE] to the Settlement Administrator with the required information. For more information about the Settlement, please see the Notice of Class Action Settlement, visit [www.settlementwebsite.com], or call [phone number].

Because the Plan's records reflect that you are a Former Participant in the Plan, you must decide whether you want your payment (1) sent payable to you directly by check or (2) to be rolled over into another eligible retirement plan or into an individual retirement account ("IRA"). To elect a rollover, please complete and mail this Rollover Form postmarked on or before **[RETURN DATE]** to the Settlement Administrator. If you do not return this form, your payment will be sent to you directly by check.

## PART 2: PARTICIPANT INFORMATION

First Name     Middle   Last Name

Mailing Address

City     State   Zip Code

Home Phone     Work Phone or Cell Phone

Participant's Social Security Number     Participant's Date of Birth

M  M    D  D    Y  Y  Y  Y

Email Address

**[ROLLOVER FORM CONTINUES ON THE NEXT PAGE]**

## PART 3: BENEFICIARY OR ALTERNATE PAYEE INFORMATION (*IF APPLICABLE*)

☐ Check here if you are the **surviving spouse or other beneficiary** for the Former Participant and the Former Participant is deceased. **Documentation must be provided showing current authority of the representative to file on behalf of the deceased**. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

☐ Check here if you are an alternate payee under a qualified domestic relations order (QDRO). The Settlement Administrator may contact you with further instructions. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

First Name                                               Middle        Last Name

Mailing Address

City                                                                                        State        Zip Code

Home Phone                                    Work Phone or Cell Phone

Participant's Social Security Number        Participant's Date of Birth

Email Address                                    M  M        D  D        Y  Y  Y  Y

**[ROLLOVER FORM CONTINUES ON THE NEXT PAGE]**

4

## PART 4: PAYMENT ELECTION

**Direct Rollover to an Eligible Plan** – Check only one box below and complete the Rollover Information Section below:

☐ Government 457(b)          ☐ 401(a)/401(k)          ☐ 403(b)

☐ Direct Rollover to a Traditional IRA          ☐ Direct Rollover to a Roth IRA (subject to ordinary income tax)

**Rollover Information:**

Company or Trustee's Name (to whom the check should be made payable)

Company or Trustee's Mailing Address 1

Company or Trustee's Mailing Address 2

Company or Trustee's City                                State      Zip Code

Your Account Number                          Company or Trustee's Phone Number

## PART 5: SIGNATURE, CONSENT, AND SUBSTITUTE IRS FORM W-9

UNDER PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS ROLLOVER FORM IS TRUE, CORRECT, AND COMPLETE AND THAT I SIGNED THIS ROLLOVER FORM.

1. The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to back up withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. person (including a U.S. resident alien).

M M   D D   Y Y Y Y

_____          
**Participant Signature**                                **Date Signed** *(Required)*

Note: If you are subject to backup withholding, you must cross out item 2 above. The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.

5